UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RAYMOND D. ARLOZYNSKI,

    Plaintiff,

v.

AID ASSOCIATES, INC. d/b/a
PLAZA ASSOCIATES,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, RAYMOND D. ARLOZYNSKI, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, AID ASSOCIATES, INC. d/b/a PLAZA ASSOCIATES, is a professional corporation and citizen of the State of New York with its principal place of business at Suite 1200, 370 Seventh Avenue, New York, New York 10001.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone and residential telephone as indicated on or about the dates stated:

<u>July 9, 2009 at 1:03 PM on Home Phone</u>

This, uh, phone call is for Mr. Raymond Arlozynski. This is Allen Simmons. Good afternoon. Reach me at my office today. I'm calling from Plaza Associates. Uh, my number 866-837-4889 extension 7372.

<u>July 9, 2009 at 1:04 PM on Cellular Phone</u>
Good afternoon. This, uh, phone call is for Raymond Arlozynski. Uh, my name is Allen Simms. Reach me at my office at this time. I'm calling from Plaza Associates. You can reach me at 866-837-4889 and my extension 7372.

<u>August 4, 2009 on Home Phone</u>
The message is for Raymond Arlozynski. Please contact Fontaine Thomas at extension 5431.

<u>August 12, 2009 at 9:17 AM on Home Phone – No Discernable Message</u>

<u>August 12, 2009 at 9:23 AM on Cellular Phone</u>
I'm calling for Raymond Arlozynski. If this is not Raymond Arlozynski, please hang up. If you are Raymond Arlozynski, please continue to listen to this message. You should listen to this message so other people may not hear it. It pertains to personal and private information. There will be a 3 second pause to allow you to listen to this message in private. By continuing to listen to this message, you're acknowledging that you are Raymond Arlozynski. This is a call from Plaza Associates. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Call this person directly at 1-800-337-1836 at extension 5107. It's imperative that you get in contact with me. My name is Eugene. Refer to your personal control number which is 79855719. Call us back at 1-800-337-1836 at extension 5107. My name is Eugene. It is imperative that you return the call.

<u>August 19, 2009 on Home Phone – Pre-Recorded Message</u>
This is a message for Raymond Arlozynski. If you are not Raymond Arlozynski, please hang up or disconnect now. If you are Raymond Arlozynski, please continue to listen to this message. You should not listen to this message so that other people may hear it as it pertains to personal and private information. There will now be a 3 second pause in this message to allow you to listen in private. By continuing to listen to this message, you acknowledge you are Raymond Arlozynski. This communication is from a debt collector. This is a call from Plaza Associates. This is an attempt to

collect a debt and any information obtained will be used for that purpose. Please contact us at 866-226-3381 and refer to control number 79855719.

<u>September 3, 2009 on Home Phone – Pre-Recorded Message</u>
This is a message for Raymond Arlozynski.  If you are not Raymond Arlozynski, please hang up or disconnect now.  If you are Raymond Arlozynski, please continue to listen to this message.  You should not listen to this message so that other people may hear it as it pertains to personal and private information.  There will now be a 3 second pause in this message to allow you to listen in private.  By continuing to listen to this message, you acknowledge you are Raymond Arlozynski.  This communication is from a debt collector.  This is a call from Plaza Associates.  This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us at 866-226-3381 and refer to control number 79855719.

<u>September 8, 2009 on Home Phone – No Discernable Message</u>

<u>September 9, 2009 on Home Phone – Pre-Recorded Message</u>
This is a message for Raymond Arlozynski.  If you are not Raymond Arlozynski, please hang up or disconnect.  If you are Raymond Arlozynski, please continue to listen to this message.  You should not listen to this message so that other people may hear it as it pertains to personal and private information.  There will now be a 3 second pause in this message to allow you to listen in private.  By continuing to listen to this message, you acknowledge you are Raymond Arlozynski.  This communication is from a debt collector.  This is a call from Plaza Associates.  This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us at 866-226-3381 and refer to control number 79855719.

<u>September 15, 2009 on Home Phone – No Discernable Message</u>

<u>September 28, 2009 on Home Phone – No Discernable Message</u>

<u>September 29, 2009 on Home Phone – No Discernable Message</u>

<u>October 9, 2009 on Cellular Phone – Pre-Recorded Message</u>
This is a message for Raymond Arlozynski. If you are not Raymond Arlozynski, please hang up or disconnect now.  If you are Raymond Arlozynski, please continue to listen to this message.  You should not listen to this message in public as it pertains to personal and private information.

4

> There will now be a 3 second pause in this message to allow you to listen in private.  By continuing to listen to this message, you acknowledge you are Raymond Arlozynski.  This communication is from a debt collector.  This is a call from Plaza Associates.  This is an attempt to collect a debt.  Any information obtained will be used for collection purposes.  Please contact Plaza Associates at phone number 866-897-4577 and refer to number 79855719.  Thank you.
>
> <u>October 14, 2009 on Cellular Phone – Pre-Recorded Message</u>
> Disconnect now.  If you are Raymond Arlozynski, please continue to listen to this message.  You should not listen to this message in public as it pertains to personal and private information. There will now be a 3 second pause in this message to allow you to listen in private.  By continuing to listen to this message, you acknowledge you are Raymond Arlozynski.  This communication is from a debt collector.  This is a call from Plaza Associates.  This is an attempt to collect a debt.  Any information obtained will be used for collection purposes.  Please contact Plaza Associates at phone number 866-897-4577 and refer to number 79855719.  Thank you.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

5

15. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II

## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20. Plaintiff incorporates Paragraphs 1 through 17.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

22. Plaintiff incorporates Paragraphs 1 through 17.

23. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

§1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT IV
### TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

24. Plaintiff incorporates Paragraphs 1 through 17.

25. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT V

## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Plaintiff incorporates Paragraphs 1 through 17.

27. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff incorporates Paragraphs 1 through 17.

29. By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular

9

telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates Paragraphs 1 through 17.

32. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial

voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        donyarbrough@mindspring.com

      By: s/ Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658